**J. B. MONTGOMERY, INC. and Montgomery Tank Lines, Inc., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. A. No. 9450.**

United States District Court
D. Colorado.

July 25, 1966.

As Corrected Aug. 4, 1966.

Lewis, Circuit Judge, dissented.

Charles W. Singer, of Singer & Hardman, Chicago, Ill., and Richard L. Schrepferman, of Holme Roberts & Owen, Denver, Colo., for plaintiffs.

Robert E. Long, Asst. U. S. Atty., Denver, Colo., for defendant United States and Fritz R. Kahn, Atty., Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

Before LEWIS, Circuit Judge, and ARRAJ and CHILSON, District Judges.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

This is an appeal from a decision of the Interstate Commerce Commission entered on March 5, 1965, and orders entered pursuant thereto, which impose restrictions in the plaintiff's certificate to operate as a common carrier by motor vehicle. The plaintiff asserts the Commission is without authority to impose the same.

This is the second time this matter has been before a three-judge court of this District. The first time the court held the restrictions then in question invalid (J. B. Montgomery, Inc. v. United States, D.C., 206 F.Supp. 455), and upon appeal the Supreme Court affirmed (United States et al. v. J. B. Montgomery, Inc., 376 U.S. 389, 84 S.Ct. 884, 11 L.Ed.2d 797).

Upon remand the Commission revised the wording of the restrictions and the matter is now before this three-judge court to determine the validity or invalidity of the restrictions as revised.

We will refer to the plaintiff and its predecessors in interest as "Montgomery".

The events leading up to the present controversy are as follows:

Pursuant to the grandfather provisions of the 1935 Motor Carrier Act, Section 209(a) (49 U.S.C.A., Section 309(a)), Montgomery was issued a permit to operate as a "contract carrier" by motor vehicle.

In 1957 amendments were made to the Motor Carrier Act, including the enactment of Section 212(c) (49 U.S.C.A., Section 312(c)), which authorized the Commission to issue in lieu of a contract carrier permit a certificate of public convenience and necessity which " * * * shall authorize the transportation, as a common carrier, of the same commodities between the same points or within the same territory as authorized in the permit."

Montgomery was one of those issued a certificate in lieu of its permit.

Under the permit Montgomery was authorized to transport such commodities as are usually dealt in or used by wholesale or retail hardware and automobile accessory business houses, meat, fruit and vegetable packinghouses, and wholesale and retail department stores. The permit authorized the transportation of these commodities by contract for limited classes of persons, specifically those who operated wholesale or retail establishments whose business was the sale of hardware and automobile accessories, meat, fruit and vegetable packinghouse products, and those who operate wholesale or retail department stores, the business of which is the sale of general merchandize.

When Montgomery was issued a certificate as a common carrier it was no longer restricted to transporting the commodities for the limited classes of persons described in the permit. As a common carrier it was authorized and obligated to transport the commodities for anyone seeking its services. Obviously the change from a permit authorizing transportation for limited classes of persons under contract to an operation as a common carrier to serve the general public

would very probably result in an expanded scope of operations for Montgomery.

This was recognized in the legislative history of the 1957 amendments.[1]

Although Section 212(c) is written in mandatory terms and provides "Such certificate so issued *shall* authorize the the transportation, as a common carrier, of the same commodities between the same points or within the same territory as authorized in the permit", the Commission placed territorial limitations [2] in the certificate limiting Montgomery to transporting the authorized commodities from, to, or between wholesale and retail outlets of the classes of business which Montgomery had served by contract under his permit.

The Commission, in justification of these limitations, pointed out that which the Congress recognized, namely that the conversion of the permit to a common carrier certificate enlarged the scope of Montgomery's authority. The Commission contended that unless the scope of the authority of Montgomery and other converted carriers was restricted, their expanded operations would have an adverse effect upon the industry.

The Commission contended that it had authority to prevent this result by imposing the territorial limitations in question to insure "substantial parity" between the operations under the permit and the certificate.

The previous three-judge court held that the provisions of Section 212(c), stating that the certificate *shall* authorize transportation "of the same commodities between the same points or within the

---

1. During the hearings upon the bill before a Subcommittee of the Senate Interstate and Foreign Commerce Committee, the following exchange took place between Mr. Barton, transportation counsel for the Committee, and Mr. Clarke, then chairman of the Interstate Commerce Commission:

    "Mr. Barton: * * *

    "Mr. Clarke, do you think there is any constitutional difficulty in changing, as we say, as you propose, a contract carrier to a common-carrier status?

    "Mr. Clarke: No, I can see none. *It isn't taking away from them anything that they have;* it isn't disturbing any property rights of the contract carrier. *It is giving him greater opportunity.* He can still serve his contract shippers, but through the conversion provisions of the bill *he would also have the opportunity to serve the general public as well* as the obligation." (Emphasis added) (P. 35 Hearings—Surface Transportation—Scope of authority of Interstate Commerce Commission, 85th Cong. 1st Session).

    J. B. Montgomery, Inc. v. United States, 206 F.Supp. 455 at 460–461.

2. A comparison between the wording of the permit and the certificate as to one of the three questioned authorities will serve to illustrate the differences between the permit and the certificate.

    AUTHORITY UNDER PERMIT:

    "3. *And under such contracts or agreements with persons (as defined in section 203(a) of the Interstate Commerce

Act who operate wholesale or retail establishments, the business of which is the sale of meat, fruit, and vegetable packinghouse products: Such commodities as are usually dealt in, or used by, meat, fruit, and vegetable packinghouses, between Denver, Colo., and Chicago and Blue Island, Ill., on the one hand, and, on the other, points and places in Kansas, Nebraska, and Iowa, those in Colorado on and east of U. S. Highway 87 and on and north of U. S. Highway 50, and those in Illinois north of a line extending from a point on the Missouri-Illinois State line directly west of Springfield, Ill., through Springfield, to the Illinois-Indiana State line."*

    AUTHORITY UNDER THE CERTIFICATE:

    "*Such commodities* as are usually dealt in, or used by, meat, fruit, and vegetable packinghouses,

    "Between Denver, Colo., and Chicago and Blue Island, Ill., on the one hand, and, on the other, points in Kansas, Nebraska, Iowa, that part of Colorado on and east of U. S. Highway 87 and on and north of U. S. Highway 50, and that part of Illinois north of a line beginning at the Illinois-Missouri State line from a point directly west of Springfield, Ill., and extending through Springfield to the Illinois-Indiana State line.

    "RESTRICTION: The authority granted immediately above is restricted to shipments moving from, to, or between wholesale and retail outlets, the business of which is the sale of meat, fruits, and vegetable packinghouse products."

same territory as authorized in the permit", was mandatory for the reasons set forth in that court's opinion which held:

"We hold that the Commission was without statutory authority to impose the restrictions in question.

"The order of the Commission is set aside and the matter is remanded for further action by the Commission in accordance with the views herein expressed."

Upon appeal the Supreme Court concluded its opinion as follows:

"The judgment of the District Court is therefore affirmed. On remand the Commission will be free to contest appellee's factual claims as to what service it performed under its contract carrier permit and to limit the common carrier certificate to such activity."

Upon remand the Commission took no action to contest the plaintiff's claims or to determine the scope of Montgomery's services under its permit. The only action taken by the Commission was to add to the restrictions in the original certificate the words, "warehouses or other facilities".

The addition of these words does not alter the substance of the restrictions or their purpose. The present restrictions are territorial limitations which were not contained in Montgomery's permit. This is contrary to the specific mandate of the Congress that Montgomery is entitled to a certificate as a common carrier to transport the same commodities between the same points and within the same territory as authorized by the permit. Nor is it represented by the Commission that these restrictions are the result of the Commission's contest of Montgomery's factual claims as to the services it performed under its contract carrier permit. To the contrary, the Commission elected not to contest Montgomery's factual claims.

We find nothing in the Supreme Court's opinion authorizing the restrictions in question.

We hold the Commission was without statutory authority to impose the restrictions in question.

The order of the Commission is set aside and the matter is remanded for further action by the Commission in accordance with the views herein expressed.

This opinion sufficiently states the findings of fact and conclusions of law of the court. Further findings of fact and conclusions of law are not necessary.

The Clerk will enter an appropriate judgment.

LEWIS, Circuit Judge (dissenting).

I do not join in the order. It seems clear to me that the Commission has the power both under Section 212(c) of the Act and under the mandate of the Supreme Court as reflected in that Court's consideration of this particular case, United States et al. v. J. B. Montgomery, Inc., 376 U.S. 389, 84 S.Ct. 884, 11 L.Ed. 2d 797, to restrict the certificate by definition and description of commodity and territory as now contained in the certificate. The certificate imposes no restriction denying to Montgomery a function enjoyed under the permit, a fault found unlawfully present in the earlier certificate by the judgments of both this court and the Supreme Court. No new limitation is imposed upon Montgomery and it is manifestly clear that the Commission intends, and states, that plaintiff be and is authorized to continue all operations which could have been conducted under its permit. The compulsion of Section 212(c) is, I believe, met. Consideration of plaintiff's complaint beyond the impact of Section 212(c) reveals only an attack upon the imposition of service restriction, as violative of the concept of a common carrier. Such a position has no merit.